JAMES KENT *vs.* HUGH McELDERY.—*December* 1850.

A writ was sued out returnable to the April term of the county court, at which term the defendant appeared, and rule *nar* was laid upon the plaintiff to the next rule day, being the 20th of September following. The declaration was not filed until the 19th of October, after the rule day. HELD: That the plaintiff was in *default*, and that defendant should be allowed to to plead the next rule day.

Where a plaintiff is in default in not filing his declaration by the rule day, the court will extend the time for filing his declaration, provided he will consent to try or continue the cause at the option of the defendant.

APPEAL from *Anne Arundel* county court.

This was an action of *assumpsit* by the appellee against the appellant. The writ was sued out on the 1st of December 1848, returnable to the following April term of the court, at which term the defendant appeared and the plaintiff was laid under rule *nar* to the next rule day of the court, being the 20th of September following. The declaration was not filed un-

til the 19th of October following the rule day. The cause of action was a promissory note of the defendant in favor of the plaintiff.

EXCEPTION. When this case at the first calling of the trial docket at October term 1849, was reached, the plaintiff prayed the court to lay a rule upon the defendant to plead by the second (which is the last and peremptory) call of the docket, stating that it was a plain and undisputed case which was not denied by defendant's counsel. The defendant then asked leave to imparle until the rule day of the next term of the court, but the court (DORSEY C. J., and BREWER A. J.,) according to the unvaried practice in like cases from the time of the passage of the act of 1829, ch. 166, a practice adopted and always since practiced under with a view to a compliance with the requisitions and designs of the said act, ordered the defendant to be laid under a rule to plead by the next calling of the docket at the present term. When the case was reached at the said next call of the docket, the defendant again asked leave to imparle to the next rule day, and referred the court to the following rules of court to show his right to such imparlance.

"19th. On an appearance to a single writ, the plaintiff may be ruled to file his declaration by the next rule day, but the court for special cause shown, may allow further time to declare, and on such terms as they may think reasonable, unless the court shall otherwise order.

"25th. If the plaintiff or defendant neglect to declare or to plead within the time limited by rule of court, judgment of *non pros.* or by default, as the case may be, shall be given, but the court for special cause shown, may allow further time to declare or to plead, and on such terms as they may think reasonable.

"26th. In all cases where rules are laid to declare or to plead, such declaration or pleading shall be filed by the twentieth day of March and twentiethday of September, respectively, next following the term, at which said rule was laid."

"34th. No action or suit shall be continued beyond the term limited by law, with the consent of the parties, unless the

issues are made up or unless some satisfactory reason is assigned to the court for not joining issue; ordered by the court that all *subpœnas* on the trial docket, be returnable to the first day of the term."

But the plaintiff refusing his assent to such imparlance and requiring the court to enforce its said order on the defendant to plead, the court refused to grant the imparlance and entered judgment for default of a plea. It was agreed that there was no written rule of court authorising the court in such a case to lay the rule plea by the second call of the docket, and the defendant proposed to prove by members of the bar, that heretofore the court had adopted a different rule from that which is now enforced by the court. The court having a perfect knowledge and recollection of its aforesaid unvaried practice, refused to permit the testimony offered by the defendant, going to show the antecedent practice of the court. From the refusal of the court to permit the defendant to prove what had been the former practice of the court, and from the entry of the judgment against the defendant in default of a plea, the defendant excepted and appealed to this court.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By PRATT, for the appellant, and
By RANDALL, for the appellee.

MAGRUDER, J., delivered the opinion of this court.

If the plaintiff in the court below, wished to have a trial or judgment at the second term, he ought himself to have complied with the rules of the court. Indeed he had it in his power to file his declaration when he instituted the suit, or he might have filed it during the first term, and have laid the defendant under a rule to plead by the rule day of the court, in this case by the 20th day of September, 1849. If either course had been pursued by him his right to a trial or judgment, (no legal cause for a continuance being shown by the defendant,) during the next or second term, could not have been questioned.

Because he did not pursue either course before spoken of, the defendant laid him under a rule to declare, by the next rule day or 20th of September. With this rule he failed to comply, but filed his declaration some weeks afterwards. He then offered a declaration, to which no objection was made, other than it enabled the defendant to delay his plea until the next rule day. This was refused to him, and thus it was required of the defendant to plead and prepare for his trial, in a very few days after the filing of a declaration, which, for the first time, disclosed to him the plaintiff's cause of action.

The effect of giving to the 'defendant the time which he asked would have been a continuance of the cause, which it is said is forbidden by the act of 1829, ch. 166. But has the plaintiff any cause to complain of this? Why did he violate the rule of court, which gave to the defendant a right to a *non pros.?* He called upon the court to sanction this violation of its rules, to extend the time allowed to him to file his declaration. This, it is understood, the court can do, provided he will consent to try, or continue the cause at the option of the defendant.

If the plaintiff could, in this suit, withhold his declaration, and thereby all knowledge of his cause of action, as long as he did, and yet claim a trial in the course of that term, he might have withholden it until the court reached the case when going over the docket the last time, and then have insisted upon a plea or judgment *instanter*. Indeed, according to the reasoning of counsel, a judgment ought to have been given to him, although no declaration was then tendered. As to this being an undisputed case, and for that reason the plaintiff had a right to a judgment, all that we can know is, that courts must learn that the from defendant, and not from the plaintiff, and must be content to know it, only when the defendant has had a reasonable time to determine what defence he ought to make.

A plaintiff who, after taking six or eight months to find out his cause of action, then violates the rules of court, is a person *in default*, and if he asks as a favor, that his *nar* be still received, must claim nothing of a defendant that term. It is most unreasonable in him to expect that the defendant will be

prepared for trial in two or three days after the plaintiff's claim is stated to him. Such a plaintiff has no reason to complain that he cannot get a judgment the second term.

In this case, until the declaration was filed, the defendant could not tell whether the plaintiff claimed of him the amount of an account, or of a promissory note, or damages in trover, or for slanderous words, or other cause of action which will sustain an action on the case. While he is thus left in ignorance of the plaintiff's cause of action, it would have been most unreasonable to require him to have in attendance the witnesses by which he might defeat all, or indeed any one of these claims.

We do not think that the rule to plead was laid in order to continue the cause, when it was reached in going over the docket the last term. The court had no more right to require a plea of the defendant at the time it did, and when the plaintiff was in default, than to have required the latter to file his declaration *instanter*, in order that the defendant might be prepared to demand a trial or *non pros.* the second term.

JUDGMENT REVERSED WITH COSTS,

AND PROCEDENDO.